**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL D. | : | |
| v. | : | NO. 26-CV-2043 |
| FRANK BISIGNANO | : | |

# O P I N I O N

SCOTT W. REID DATE: October 5, 2026
UNITED STATES MAGISRATE JUDGE

Michael D. brings this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Disability Insurance Income ("DIB") and Supplemental Security Income ("SSI"). He has filed a Request for review to which the Commissioner has responded. As explained below, I conclude that the Request for Review should be granted and the matter remanded for consideration of evidence of headaches and a cervical impairment.

I. *Factual and Procedural Background*

Michael D. was born on April 1, 1976. Record at 244. He obtained a GED. Record at 323. He worked in the recent past as a driver for Door Dash. Record at 324. On March 29, 2023, and July 31, 2023, respectively, Michael D. filed applications for DIB and SSI, alleging disability since November 10, 2022, as a result of migraine headaches, traumatic brain injury, diverticulosis, urological problems, neck pain, arm pain, hand pain, depression, PTSD, and panic attacks. Record at 244, 251, 322.

Michael D.'s applications for benefits were denied on November 21, 2023. Record at 67. They were denied again upon reconsideration on May 17, 2024. Record at 78. Michael D. then sought review *de novo* by an Administrative Law Judge ("ALJ"). Record at 131. A hearing was held in this case on May 20, 2025. Record at 32. On June 3, 2025, however, the ALJ issued a written decision denying benefits. Record at 17. On January 29, 2026, the Appeals Council denied Michael D.'s request for review, permitting the ALJ's decision to stand as the final decision of the Commissioner for Social Security. Record at 1. Michael D. then filed this action.

II. *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we

> also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p. The final two steps of the sequential evaluation then follow:

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III. *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ found that Michael D. suffered from the severe impairments of PTSD, generalized anxiety disorder, bipolar disorder, and ADHD. Record at 19. She found that Michael D.'s tinnitus was not severe, and that his alleged traumatic brain injury was not a medically determinable impairment. Record at 19-20. The ALJ did not mention the migraines, diverticulosis, urological problems, or pain in the neck, arm, and hand that Michael D. alleged. The ALJ did not find any of Michael D.'s severe impairments to meet or medically equal a listed impairment. Record at 20.

The ALJ found Michael D. retained the RFC to engage in work at the medium exertional level with frequent sitting, standing, and walking. Record at 21. He could perform and sustain simple, routine, repetitive tasks for two-hour periods with regular work breaks, have occasional

interaction with co-workers and the public, and have occasional changes in his work setting. *Id*. He was able to use judgment to make simple work-related decisions. *Id*.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ determined that Michael D. could not perform his past relevant work. Record at 25. However, he could work as a cleaner, hand packager, or automotive detailer. Record at 26. She decided, therefore, that he was not disabled. *Id*.

Michael D. does not raise any claim regarding the ALJ's findings as to his mental health impairments. He argues that the ALJ erred in (a) failing to discuss the headache questionnaire and pain questionnaire he completed as part of his application for benefits; (b) failing to determine the length and frequency of his headaches; and (c) failing to determine whether his cervical impairments constituted a severe impairment, or to adequately explain why she did not accept the limitations on reaching and handling which were imposed by several medical sources.

## IV. *Discussion*

Michael D.'s claims can be discussed together since they converge on a single point: the ALJ essentially ignored his allegation that he suffered from headaches and a cervical spine impairment. She did not determine whether or not these impairments were severe, or whether they met or equaled listed impairments. Her discussion of the cervical spine symptoms was marginally adequate, and she did not discuss the headaches at all.

### A. *The Headaches*

The ALJ did not mention headaches at the second and third steps of the sequential analysis, where her task was to determine which alleged impairments were severe, and whether any impairment qualified for an automatic finding of disability by meeting or equaling one of the listed impairments. She did not even make a general statement, such as specifying that all

impairments not mentioned were found to be non-severe. This was obviously error, since the multi-step analysis is mandated by agency regulation. 20 C.F.R. §404.1520(4).

The Commissioner argues that the ALJ did find Michael D.'s headaches non-severe. *Response* at 7 ("Plaintiff fails to appreciate an extremely important point in his argument: *before* proceeding to step three, the ALJ found Plaintiff's migraines non-severe"). This is flatly untrue. The ALJ discussed traumatic brain injury, but not the separate impairment of migraine headaches. Record at 19. The two impairments are listed separately in Michael D.'s application. Record at 322. What is more, migraines are not typically associated with brain injury. *See* http://mayoclinic.org/diseases-conditions/migraine-headache/symptoms-causes/syc-20360201 (visited September 16, 2026) ("Causes: Though migraine cause aren't fully understood, genetics and environmental factors appear to play a role").

Possibly, the ALJ was misled by the fact that medical providers sometimes considered both migraines and head injuries as possible causes for Michael D.'s headaches. *See*, *e.g.*, Record at 879, 880, 889. The ALJ observed that traumatic brain injury could not be proved solely by allegations of symptomology. Record at 19. This, however, misses the point. Even if Michael D. had no traumatic brain injury, he could still have debilitating migraine headaches. Yet, the ALJ did not consider this diagnosis, even though it was listed in Michael D.'s application for benefits.

Possibly, this error at the second and third stages could be found harmless in some circumstances, but it is not harmless here because the ALJ did not discuss headaches anywhere else in her decision. Michael D. testified that he experienced sudden "icepick" headaches, as well as three to four migraine headaches per month, each lasting several days. Record at 41. Whether the medical evidence supports this frequency and severity was for the ALJ to decide.

Her failure to discuss it at all, however, obviously resulted in a decision which does not permit meaningful review with respect to headaches. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-120 (3d Cir. 2000). Remand is therefore required for discussion of Michael D.'s allegation of headaches, at all stages of review.

B. *Cervical Spine Injury*

Michael D. testified that he had neck and back pain that radiated into his arms. Record at 41, 46. The ALJ acknowledged his testimony. Record at 21. According to Michael D., the pain was caused by injury to his spine at C-6 and C-7. Record at 347. The ALJ did not decide whether the cervical spine impairment was severe or not, or whether it met a listing. Record at 19-21. She did not mention it at all at stages two and three of her decision. *Id*. Here, again, this is error, because the ALJ is required to consider every claim by means of the prescribed sequential analysis. 20 C.F.R. §404.1520(4). The ALJ did not include any limitation related to arm and hand use in her RFC assessment. Record at 21.

However, the ALJ briefly discussed Michael D.'s cervical spine impairment in her discussion of the Medical Source Statement completed by Megan Moore, CRNP, on April 10, 2025. Record at 1087-9. Nurse Moore found that Michael D. could handle for only 25% of an 8-hour workday, finger for 30 or 35% of the workday, and never reach. Record at 1088. The ALJ wrote: "While [Nurse Moore] references an EMG revealing cervical/lumbar radiculopathy, review of the record fails to document that this study occurred in 2013." Record at 23. It can be assumed that the ALJ meant that Nurse Moore failed to mention that the study occurred in 2013. The record, in fact, documents that the study occurred in 2011. Record at 608. The ALJ's point, however, is clearly that the EMG was outdated.

Further, the ALJ's thinking can be discerned from the hearing transcript, where this interchange took place:

> ALJ: You had a flurry of medical visits in April, but prior to that, what kind of treatment were you getting for your back? I'm just not seeing –
>
> MICHAEL D.: There's nothing yet. I have an appointment with the spine clinic next month. ... I haven't been to the spine clinic since 1998 for my back.
>
> ALJ: Mr. Rubin [counsel], I mean, most of the records are mental, unless I'm missing something.
>
> COUNSEL: You're not, Your Honor.
>
> ...
>
> ALJ: And there's no treatment.
>
> COUNSEL: I'd say the same thing, Your Honor.

Record at 47.

Given the foregoing, it is possible to say that the ALJ's error in not mentioning the cervical impairment at steps two and three of the sequential analysis was harmless. Nevertheless, if the ALJ – as it appears – found Michael D.'s cervical impairment to be non-severe based on his lack of treatment over a 30-year period, she should have said so in her decision. Since this matter must be remanded for discussion of Michael D.'s claim of migraine headaches, I will also direct the ALJ to revise and expand upon her consideration of Michael D.'s cervical impairment in accordance with the Social Security regulations.

V. *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be granted and the matter remanded to the Agency for further consideration of evidence of headaches and a cervical impairment in accordance with the Social Security regulations, as explained in this Opinion.

BY THE COURT:

*/s/ Scott W. Reid*

SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE